No. 2761

Second Circuit

MODAWELL v. IVEY ET AL.
(AMERICAN NATL. BANK, Garnishee)
(BUSH, Intervener and Third Opponent and Appellee)

(April 10, 1930. Opinion and Decree.)

C. B. Prothro, of Shreveport, attorney for plaintiff, appellee.

E. W. & P. N. Browne, of Shreveport, attorneys for garnishee.

Drew & Wallace, of Minden, and Galloway & Johnson, of Shreveport, attorneys for intervener and third opponent, appellant.

WEBB, J. Plaintiff, J. H. Modawell, a judgment creditor of A. R. Bush for the sum of $194.13, with interest and attorney's fees, issued execution on the judgment, and obtained thereunder a writ of garnishment against the American National Bank, under which there was seized on June 4, 1924, funds deposited to the credit of Mrs. A. R. Bush. Mrs. Bush filed an intervention and opposition, claiming that the funds seized were her separate paraphernal property and not subject to the payment of her husband's debts, and she prayed that the seizure of the property be released. She appeals from a judgment rejecting her demands.

There existed between intervener and her husband, the judgment debtor, a community of acquets and gains, and it is conceded that the presumption was that the property seized belonged to the community and was liable for the debts of A. R. Bush, and that it was incumbent upon intervener to affirmatively establish that the funds seized were her separate paraphernal property.

Plaintiff, the judgment creditor, rested his case on the presumption, and the evidence on behalf of intervener was her statement that she had received some funds from the succession of her parents ten years prior to the seizure, which had been deposited in the bank, and that she had also received gifts of money at various times from her relatives, which had also been deposited in the bank, and her testimony was corroborated by the statement of her husband, and both husband and wife stated that the funds seized belonged to the wife.

The statement of the account of Mrs. Bush with the bank shows a balance of $184.99 on May 9, 1924, and that, on the date of the seizure, the amount of the account was $279.29, but there was not any attempt made to show that the deposits made after May 9, 1924, were of funds obtained by Mrs. Bush from either of the sources stated, nor was it shown that the amount on deposit of date May 9, 1924, was any part of the funds which she had obtained by inheritance or gift; and we are of the opinion that the evidence failed to establish that the funds seized were the separate property of intervener.

"The legal presumption in favor of the community dispenses those claiming com-

munity rights or asserting community obligations from other proof, and it is incumbent on those denying the community and asserting the property or funds to be the separate estate of the wife to prove affirmatively and satisfactorily that the same is hers." Manning vs. Burke, 107 La. 456, 31 So. 862.

The judgment is affirmed.

DREW, J., recused.